Curia, per

Butler, J.
I do not wish to be understood as laying down the broad proposition, that detinue will not lie against one out of possession of the chattel sued for at the commencement of the suit; for there are cases where detinue will lie against one out of possession, at the time of action brought; and there are also many cases where it will not lie, where the defendant has been proved to have once been in possession. It may be difficult to draw the distinction. I would lay down this as a general proposition, that is supported by the authorities on the subject. Detinue jvill lie against one out possession, where has once, had the rightful posses: *245 .sion, and has culpably parted with it; but where he has been deprived of his possession by,the authority of.law, or where he has parted with it without any intentional derogation of the title of the true owner, he would not be held liable to this form of action; although he might be, in ,the latter instance, to- actions of a different form. The general principle is very well extracted from authorities, and laid down by Tomlin. “ In actions of detinue, the thing must once be in the possession of the defendant, and which possession must not be altered by act of law or seizure.” The question was fully discussed and considered in the case of Brumely v. Bramlet, Washington’s Reports, 1 vol. p. 309. Marshall, (late chief justice,) counsel for the defendant, contended that detinue could not lie at all against one out of possession. Judge Pendleton, president of the court, delivered the opinion of the court, and lays down the law as follows : “ We come next to enquire, what is necessary for the plaintiff to prove in'this action, (detinue.) The books agree that he must prove title in himself, and possession in the defendant; but as to the time it should be proved that he was in possession ; whether at the date of the writ, or whether an anterior possession would be sufficient, the cases are totally silent. The court agrees with the circuit judge, that the latter would be sufficient.” But the same judge goes on to say, that if the defendant can show that he has been lawfully dispossessed, his plea of non, detinet would be well supported. If one take goods on bailment, and by his negligence he suffers them to.be taken away, or he fraudulently parts with them, either for his own gain, or to subserve the designs of another, he ought to be compelled to make restitution of them by the highest authority of the law; or to pay a high price to the owner, by way of punishment for his wrong, as well as compensation to the owner. Every one has a right to put a value on his own property, and no one who has received it on the confidence that it would be returned, should deprive the own,er of it, and compel him to take the market price which indifferent persons might place on it. This, applies to a case of bailment peculiarly. But where the bailee has been deprived of his possession by a power which he could not control, would it be just that he shquld answer for the loss to the true owner % If he is free from blame, he should be exempt from liability. In the cases I have put, it must always depend on the degree of blame which would attach to the manner by which a party has parted with or been deprived of possession, whether he would be liable at all .or not.
There is another class'of cases, within which tiie case under consideration must fall; and that is, where one comes into, possession of personal chattels indirectly, and parts with them honestly; as where he finds an ar *246 $icle and parts with it, not knowing the owner — or gets possession as administrator or executor, and sells the property in the bona fide performance ,of his duty, according to law, and without any intention of prejudicing the .true owner’s title; in such cases the defendant would be liable for the val-u'e of the thing sold, either in trover or assumpsit. “And, although, where goods are found and sold, &c., detinue lies not; yet an action on the case in trover for conversion may be brought.”
The Year Books are quoted by one or two elementary authors for the above position ; and it seems to me to be entirely agreeable to good sense and justice. For although the owner has a good claim for the money, he ought not to compel the party to make restitution of that which he has partdd with at the time he knew not the owner. Some of the authorities go so far as to say that detinue will not lie for property destroyed by trespass. Judge Story, in his treatise on Bailments, 77, is more full and explicit on this subject: “ Cases are also put in the civil and French law, how far the heir or administrator of a deceased bailee should be liab\e', if, in ignorance of the bailment, he sells the thing. It is held, that he is not liable as in tort, but for the price which he has received, and only when he has received it. Our law would' treat the case as one of conversion, and would give the owner the value of the thing so sold; or enable him in most cases, at his election, to proceed against the vendee for restitution.” See also 2d vol. of Sanders’ Reports, 47. Trover or assumpsit in such cases would answer the ends of justice. In detinue a defendant might be subject to great hardship and gross injustice, when he .could not make restitution, and might be compelled to pay heavy damages by way of penalty, to compel him to make compensation to the owner, on his fancied value of the article.
In the case under consideration, the question may be asked, did the defendant come into possession of the slaves in his representative capacity, and did he sell them with the bona fide purpose of performing his duty according to law, and not with a design of prejudicing the rights of the one who now, claims to be the legal and true owner? If he can establish these facts to the satisfaction of a jury, his plea of non detinet would be yvell supported. The presiding judge in his report says, that “ he considered the testimony as conclusive of the fact, that the negroes in question constituted no part of the assets belonging to the estate of Churr, ¡and that the plaintiff was entitled t.o recover.” The circuit judge maybe correct in his legal conclusions, but to what extent the plaintiff is entitled to recover, depends very much on the form of action, and the view which may be taken of the facts in reference to it. The judge was correct in sjeciejing, I think, that detinue might lie against one out of possession ; *247 but the Class of cases in which it will not lie, was not, perhaps, brought to his view, and of course he could not charge in reference to them.' According to his view of the law, he charged explicitly for the plaintiff Ndw the plaintiff’s title and right,to recover, may or may not be good. According to my view of thé law, if the defendant parted with the possession of the negroes in the due and fair administration of his intestate’s estate, he would only be liable for the conversion, or, the tort being waived, for the money for which the negroes sold — that is,'if the plaintiff has the legal right to recover at all. The question of plaintiff’s title is directly involved in another case, between the same parties, and depends on the construction of the trust deed, under which he claims. My brother O’Neald has prepared an opinion in this case, and the'parties interested are referred to it for the opinion of the court on the question involved. The motion for a new trial is granted.
Thompson, for motion. Hunt, contra.
Richardson, O’Neall, and Evans, JJ. cb'hcurred.